# SUPREME COURT.

## LOUISA BERRIGAN agt. ALLISON OVIATT.

*Pleadings — Action upon promissory note when answer bad.*

Where the complaint was on a promissory note given by defendant to plaintiff and verified in the personal knowledge of the plaintiff and the answer verified in the usual form: (1) denied the indebtedness for which note was given, or that plaintiff presented note for payment: (2) upon information and belief denies the giving of note mentioned in complaint or any note; that if plaintiff has such note it was obtained by fraud, &c., while defend-

Berrigan agt. Oviatt.

ant was intoxicated. The plaintiff presented affidavits showing that the transactions were in the personal knowledge of the parties and that the answer was false. These questions were not disputed by defendant:

*Held,* that the answer was bad ; the first defense being clearly frivolous, and the second defense being in the alternative and relating to personal transactions between plaintiff and defendant, and the allegations denying them being on information and belief does not create an issue and is sham.

*Cattaraugus Special Term, February,* 1886.

THIS was a motion to strike out answer of defendant as "sham and for such other and further order as to the court shall seem just."

The complaint was on a promissory note for fifty dollars given by the defendant to plaintiff and verified in the personal knowledge of the plaintiff.

The answer was in two separate parts.

The first answer denied the indebtedness for which note was given, or that plaintiff presented note for payment.

The second defense is upon information and belief, and denied the giving of note mentioned in complaint, or any note of fifty dollars; that if plaintiff has such note in her possession, or any such note, it was obtained by fraud, &c., while defendant was intoxicated.

The answer was verified in the usual form.

The plaintiff presented affidavits showing that the transactions were in the personal knowledge of the parties, and that the answer was false.

The defendant did not dispute any of these questions.

*Thomas Storrs,* for the motion. 1. The first allegation in the defendant's answer does not deny any material allegation in the complaint and is clearly frivolous and should be overruled. 2. The second answer is bad. It is in the alternative, and the allegations relate to personal transactions between the parties hereto, and an allegation denying them on information and belief does not create an issue. " The answer of the defendant

Berrigan agt. Oviatt.

must contain first a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." The defendant has personal knowledge of the matters in the complaint, and his knowledge has swallowed up his belief, and he can no longer allege on information and belief (*Code Civ. Pro.*, § 500; *Sherman* agt. *Boehm*, 15 *Abb. N. 'C.*, 254; *Edwards* agt. *Lent*, 8 *How.*, 28; *Ketcham* agt. *Zerega*, 1 *E. D. S.*, 554). A sham answer is one that is false (*Thompson et al.* agt. *The Erie R. R. Co.*, 45 *N. Y.*, 468).

*George H. Phelps*, for defendant, opposed the motion. The motion should be denied, for some material allegations in the complaint are in issue by answer.

CHILDS, *J.* — The answer is bad. The first defense is clearly frivolous. The second defense is in the alternative, and relates to personal transactions between plaintiff and defendant. No affidavits on the part of defendant denied this statement, while the plaintiff presented affidavits showing the answer false in every particular.

The motion should be granted overruling the first defense as frivolous and striking out the answer and the whole thereof as sham, but with leave to the defendant to serve a new answer in ten days after this order is served on him on payment of ten dollars costs of this motion, and that if the defendant fail so to do that the plaintiff have judgment thereon for the relief demanded in the complaint, with costs of this action, and ten dollars costs of this motion.